**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anthony Michael Martinez,

Plaintiff,

v.

Unknown Parties, et al.,

Defendants.

No. CV-26-05792-PHX-KML

**ORDER**

Plaintiff Anthony Michael Martinez filed a complaint against "Harvard University" and the President and Fellows of Harvard College. Martinez alleges "D.E.I. and 'Affirmative Action' are policies long known and regarded as weaponized legislative measures use to discriminate against immutable characteristics." (Doc. 1 at 2.) Harvard University allegedly "implemented and implements policies that discriminate purely on immutable characteristics known otherwise as D.E.I." (Doc. 1 at 3.) Those policies prevent "students well qualified or otherwise from lawfully attending." (Doc. 1 at 3.) Martinez claims this use of "D.E.I. . . . obstructs FREE MARKETS on a GLOBAL SCALE" and thereby violates "Title VI of the Civil Rights Act of 1964." (Doc. 1 at 3.) Martinez does not allege he applied for admission to Harvard or that he has any connection with Harvard.

Martinez seeks "damages in the amount of 1.5 times the highest 10 year attendance cost of attending Cornell University historically but, not less than 2,000,000 United States Dollars multiplied by the whole number of years" between 2008 and the present. (Doc. 1 at 4.) Based on that calculation, Martinez is seeking at least $36 million dollars.

A court may dismiss a wholly insubstantial and frivolous complaint for lack of jurisdiction. *Bradshaw v. MI5, Off. of the Inspector General*, No. 25-4397, 2026 WL 1258776, at *1 (9th Cir. May 7, 2026). A complaint qualifies as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Martinez's claims against Harvard—a school he appears to have no connection with—for implementing "D.E.I." that obstructs free markets on a global scale, lack an arguable basis in law or fact. *See Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021) ("Private parties seeking judicial enforcement of Title VI's nondiscrimination protections must prove intentional discrimination."). The complaint is dismissed for lack of jurisdiction.

**IT IS ORDERED** the application for leave to proceed in forma pauperis (Doc. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

Dated this 24th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**